# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO GARCIA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>        Plaintiffs,<br>vs.<br><br>LANE BRYANT, INC., a Pennsylvania corporation; CHARMING SHOPPES, INC., a Pennsylvania corporation, and DOES 1 through 10, inclusive<br><br>        Defendants.<br>_____ / | CASE NO. CV-F-11-1566- LJO<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS** (Docs. 10, 13) |

## INTRODUCTION

Defendants Lane Bryant, Inc. ("LBI"), Charming Shoppes, Inc. ("CSI"), and Does 1 through 10[1] seek to dismiss CSI from Plaintiffs'[2] complaint for lack of personal jurisdiction. Defendants also seek to dismiss Plaintiffs' class and willfulness allegations, the Doe Defendants, and several of Plaintiffs' causes of action for failure to state a claim. Defendants further seek to strike Plaintiffs' class and willfulness allegations and Plaintiffs' request for disgorgement. The motions are unopposed. This Court

---

[1] LBI, CSI, and Does 1 through 10 will be referred to collectively as "Defendants."

[2] Plaintiffs' are Ernesto Garcia ("Mr. Garcia") and the proposed class members. Mr. Garcia and the proposed class members will be referred to collectively as "Plaintiffs."

1

considered Defendants' motions on the record and VACATED the November 2, 2011 hearing or oral argument, pursuant to this Court's Local Rule 230(g). For the reasons discussed below, this Court GRANTS Defendants' motion to dismiss CSI from the complaint for lack of personal jurisdiction; GRANTS in part and DENIES in part Defendants' motion to dismiss for failure to state a claim; and DENIES Defendants' motion to strike.

### BACKGROUND[3]

In 2008, Plaintiff Ernesto Garcia ("Mr. Garcia") began working for LBI, a women's plus-size specialty apparel retailer, as a non-exempt, hourly-paid store manager at LBI's Merced, California retail store. LBI is owned by CSI. (Lee Decl., ¶ 2). CSI is a retail apparel holding company incorporated and headquartered in Pennsylvania. (Lee Decl., ¶ 2). CSI does not engage in any business operations. (Lee Decl., ¶ 2). Rather, all business operations are conducted by its subsidiaries, including LBI. (Lee Decl., ¶ 2). LBI employs non-exempt, hourly paid employees throughout the state of California.

Mr. Garcia and the other class members claim that CSI and LBI violated California law by failing to pay overtime and minimum wage for all hours worked, provide employees with complete and accurate wage statements, reimburse employees for all necessary business expenditures, and provide suitable seating. They also claim that CSI and LBI failed to provide all meal and rest periods or compensation in lieu thereof; and failed to pay all wages in a timely manner.

Mr. Garcia alleges that he and other class members were given an unrealistically large number of tasks to perform during their scheduled work hours. These tasks included, but were not limited to, pricing goods, rearranging store merchandise, setting up store displays, and dealing with customers. If the tasks were not completed during the employees scheduled work hours, or if the employees worked overtime to complete the tasks, they were reprimanded. Accordingly, Mr. Garcia and other class members worked "off-the-clock" to complete their assigned tasks. In addition, Mr. Garcia had to work

---

[3] The background facts are derived from the complaint; unless otherwise noted. This Court accepts these allegations as true for the Fed. R. Civ. P. 12(b)(6) motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Several facts are derived from the declaration of John Lee, Vice President and Chief Accounting Officer for CSI. These facts were only considered by the Court for purposes of the Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction. *See Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (when deciding a motion to dismiss for lack of personal jurisdiction the allegations in a pleading may not be assumed true when they are contradicted by an affidavit).

"off-the-clock" to complete additional assignments which were not related to his retail store work. For example, Mr. Garcia was the "Credit Captain" of his area, which involved coordinating with other stores regarding their progress in signing up customers to Defendants' credit card offers.

Mr. Garcia alleges that this routine "off-the-clock" work and his work as Credit Captain resulted in unpaid overtime, failure to pay minimum wage, and inaccurate wage statements. Mr. Garcia explains that some of the "off-the-clock" work he and other class members engaged in occurred before or after the members' eight hour shift and, thus, qualified for overtime pay. To the extent the time worked did not qualify for overtime pay, Mr. Garcia alleges Defendants failed to pay minimum wage for these "off-the-clock" hours. Mr. Garcia further alleges that these "off-the-clock" hours led to inaccurate wage statements, because the total hours worked were not accurately captured.

In addition, Mr. Garcia alleges that he and other store managers were not reimbursed for expenses. Mr. Garcia explains that he and other store managers were required to travel to company meetings and required to help out at other stores in cities such as Fremont, Livermore, and Pleasanton. Mr. Garcia alleges that he and other store managers were not reimbursed for their travel expenses. Mr. Garcia also explains that he and other store managers were required to correspond daily with their district managers and other store managers through their personal telephones. Mr. Garcia alleges that he and other store managers were not reimbursed for these telephone expenses.

Finally, Mr. Garcia alleges that Defendants had a store policy that store employees could not sit at any time while they were considered to be on the clock. Employees were not permitted to sit, even when it would not interfere with the performance of their duties, nor were they provided with suitable seating. Accordingly, Mr. Garcia and other class members were forced to stand throughout their shifts.

**Plaintiffs' Claims**

Plaintiffs proceed on their California Class Action Complaint ("complaint") which pursues a collective action on behalf of all "non-exempt or hourly paid employees who worked for Defendants in California, at any time from August 21, 2008 to the filing of this complaint until the date of certification." (Compl., p. 3).

The complaint also pursues a California class action for two subclasses: the "Penalties Subclass" and the "Manager Unreimbursed Expenses Subclass." (Compl., p. 3). The "Penalties Subclass" consists

of all "non-exempt or hourly paid employees who worked for Defendants in California, within one year prior to the filing of this complaint until the date of certification." (Compl., p. 3). The "Manager Unreimbursed Expenses Subclass" consists of all "non-exempt or hourly paid store managers who worked for Defendants in California, within four years prior to the filing of this complaint until the date of certification who incurred business expenses as a result of working for Defendants." (Compl., p. 3-4).

The complaint asserts the following causes of action:

1. Defendants failed to pay overtime, in violation of California Labor Code §§ 510, 1198 (First Cause of Action);

2. Defendants failed to pay minimum wage for all hours worked, in violation of California Labor Code §§ 1194, 1197, and 1197.1 (Second Cause of Action);

3. Defendants failed to provide employees with complete and accurate wage statements, in violation of California Labor Code § 226(a) (Third Cause of Action);

4. Defendants failed to reimburse employees for all necessary business expenditures, in violation of California Labor Code §§ 2800 and 2802 (Fourth Cause of Action);

5. Defendants failed to provide suitable seating, in violation of California Labor Code § 1198 and California Code of Regulations, Title 8, section 11070(14) (Fifth Cause of Action);

6. The above violations, coupled with the fact that Defendants failed to provide all meal and/or rest periods or compensation in lieu thereof and failed to timely pay all wages owed, entitle Plaintiffs to recover civil penalties pursuant to California Labor Code §§ 2698, et seq. (Sixth Cause of Action); and

7. The above violations subject Defendants to a claim under California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, et seq. (Seventh Cause of Action).

**Procedural History**

Defendants removed the action to this Court on the basis of diversity jurisdiction. Defendants then moved to dismiss CSI from the complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); to dismiss Plaintiffs' class and willfulness allegations, the Doe Defendants, and several of

Plaintiffs' causes of action for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); and to strike Plaintiffs' class and willfulness allegations and Plaintiffs' request for disgorgement, pursuant to Fed. R. Civ. P. 12(f). Plaintiffs failed to oppose the motions. The November 2, 2011 hearing or oral argument was vacated, pursuant to this Court's Local Rule 230(g). This Court has considered Defendants' arguments, the relevant law, and issues this order.

## DISCUSSION

### I. Motion to Dismiss for Lack of Personal Jurisdiction

Defendants contend that CSI should be dismissed from the complaint because CSI's contacts with California are insufficient for this Court to exercise personal jurisdiction over the company. This Court agrees and GRANTS Defendants' motion to dismiss CSI from Plaintiffs' complaint.

Fed. R. Civ. P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of personal jurisdiction." A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Although the defendant is the moving party on a Fed. R. Civ. P. 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction." *Id*. "Uncontroverted allegations in the complaint must be taken as true." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal citations omitted). Allegations in a pleading may not be assumed true however, when they are contradicted by an affidavit. *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984). Absent a traditional basis for jurisdiction (service within the state – physical presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (internal

quotation marks and citations omitted). Defendants' argue that this Court lacks both general and specific jurisdiction over CSI. This Court considers Defendants' arguments below.

### A. General Jurisdiction

Defendants argue that there is no basis for the Court to exercise general jurisdiction over CSI because CSI's contacts with California are insufficient. Defendants point out that CSI has no operations or employees in California and does not conduct any activities in California. (Jx Motion, p. 5). Plaintiffs' allege that Defendants "have sufficient minimum contacts in California . . . so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice." (Compl., p. 1). The complaint further alleges that CSI is a Pennsylvania corporation doing business in California. (Compl., p. 2). The complaint fails to explain the sufficiency of CSI's contacts in California.

Defendants have established that this Court lacks general personal jurisdiction over CSI. In determining whether a company has sufficient minimum contacts with a state for purposes of establishing general jurisdiction, courts consider whether the defendant: (1) makes sales, solicits or engages in business in the state; (2) serves the state's markets; (3) designates an agent for service of process; (4) holds a license; or (5) is incorporated there. *Bancroft & Masters, Inc. v. August Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). According to the declaration of John Lee ("Mr. Lee"), CSI's Vice President and Chief Accounting Officer, CSI does not engage in any business activities in California. (Lee Decl., ¶ 6). Mr. Lee's declaration provides that CSI does not solicit California residents; manufacture, purchase or sell goods in California; or advertise goods or services in California. (Lee Decl., ¶ 6). CSI does not pay payroll or other taxes in California and has no employees in California. (Lee Decl., ¶ 6). In addition, CSI does not have registered agents for service of process in California. (Lee Decl., ¶ 5). Finally, CSI is incorporated and headquartered in Bensalem, Pennsylvania, and is not registered to do business in California. (Lee Decl., ¶ 2, 5).

Mr. Lee's declaration establishes that this Court lacks general jurisdiction over CSI. Plaintiffs fail to contravene this evidence and fail to carry their burden to prove general personal jurisdiction over CSI. *See Data Disc*, 557 F.2d at 1284 (the Court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit). Accordingly, CSI's contacts with California are insufficient

to establish general jurisdiction. *See Bancroft & Masters, Inc.*, 223 F.3d at 1086.

### B. Specific Jurisdiction

Even if a nonresident defendant's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, the nonresident defendant may be subject to jurisdiction on claims related to its activities or contacts there. Whether limited jurisdiction lies "turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc*, 557 F.2d at 1287. A three-step evaluation of an out-of-state defendant's contacts with the forum determines whether limited jurisdiction exists:

1. The out-of-state defendant purposely directs its activities or consummated a transaction with the forum or its resident; or performs an act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum to invoke the benefits and protections of the forum's laws;

2. Plaintiff's claim arises out of or results from the defendant's forum-related activities; and

3. The forum's exercise of personal jurisdiction must be reasonable, that is, comports with "fair play and substantial justice."

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478, 105 S.Ct. 2174 (1985); *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *see Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir. 1986); *Raffaele v. Compagnie Generale Maritime, S.A.*, 707 F.2d 395, 397 (9th Cir. 1983). A plaintiff bears the burden on the first two prongs. *Boschetto*, 539 F.3d at 1016. If a plaintiff establishes both prongs, the defendant must present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id*. If the plaintiff fails at the first step, "the jurisdictional inquiry ends and the case must be dismissed." *Id*.

#### 1. Purposeful Availment

As to a defendant's purposefully-directed activities, the Ninth Circuit Court of Appeals explained in *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988):

> Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff. In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business with the forum state.

7

Defendants contend that CSI is an out-of-state corporation that does not directly conduct any business in California. (Jx Motion, p. 6). Defendants point out that CSI has performed no "intentional acts" and has not engaged affirmatively in any activities directed at California. *Id*. According to Mr. Lee's declaration, CSI is a retail apparel holding company that does not engage in any business operations. (Lee Decl., ¶ 2). All business operations conducted within the CSI group of companies are conducted and managed by its subsidiaries, including Lane Bryant, which is owned and operated by LBI. (Lee Decl., ¶ 2). In addition, Mr. Lee explains, CSI has not sent paychecks, wage statements, or payroll taxes into California. (Lee Decl., ¶ 6, 8). Mr. Lee's sworn declaration establishes that CSI has not purposefully availed itself of conducting activities in the forum. Plaintiffs fail to contravene this evidence. *See Data Disc*, 557 F.2d at 1284 (the Court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit). Accordingly, CSI has not purposefully availed itself of conducting activities in the forum. *See Sinatra*, 854 F.2d at 1195.

### 2. Arising Out of Forum-Related Activities

Defendants argue that even if the first element to establish specific jurisdiction could be satisfied, there is no nexus between Plaintiffs' alleged wage and hour claims and any activity by CSI in California. (Jx Motion, p. 6). Defendants point out that Plaintiffs' claims arise out of the alleged manner in which certain LBI policies and practices were established, implemented, and enforced at LBI stores in California. (Jx Motion, p. 6). Defendants point out that LBI, and not CSI, is the entity that establishes, implements, and enforces the policies and practices applicable to LBI employees. (Jx Motion, p. 6). Plaintiffs' complaint alleges that both LBI and CSI are responsible for the unpaid wages, failure to reimburse business expenditures, non-compliant wage statements, failure to provide seating, and all other wrongs related to the manner in which the LBI stores were run.

Allegations in the complaint must be taken as true, *see CollegeSource*, 653 F.3d at 1073, unless they are contradicted by an affidavit, *see Data Disc*, 557 F.2d at 1284. The allegations in Plaintiffs' complaint relate to the payment of wages, the reimbursement of business expenditures, and the manner in which the LBI stores were run. Mr. Lee's sworn declaration provides that CSI was not involved in the payment of wages nor involved in the preparation of wage statements and that CSI does not "exert direct managerial control over the day-to-day operations of [LBI]." (Lee Decl., ¶ 7). Plaintiffs have

submitted nothing to contravene Mr. Lee's sworn declaration. *See Data Disc*, 557 F.2d at 1284 (the Court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit). Accordingly, Plaintiff has failed to establish specific jurisdiction over CSI.

For the reasons discussed above, this Court GRANTS defendants' motion to dismiss CSI from Plaintiffs' complaint for lack of personal jurisdiction.

**II. Motion to Dismiss for Failure to State a Claim**

Defendants contend that Plaintiffs' class action allegations, the Doe defendants, Plaintiffs' failure to reimburse business expenditures allegation, two of Plaintiffs' allegations under California's Private Attorneys General Act ("PAGA"), and Plaintiffs' willfulness allegations should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). This Court GRANTS in part and DENIES in part Defendants' motion to dismiss.

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

With these standards in mind, this Court turns to Defendants' challenges to the allegations in Plaintiffs' complaint.

**A. Class Action Allegations**

Defendants contend that Plaintiffs' class action allegations should be dismissed because their allegations are insufficient factually and conclusory. (Mot., p. 3-9).  Defendants contend that simply alleging that Defendants failed to pay all non-exempt employees in California overtime pay and minimum wage, failed to provide compliant wage statements and proper seating, and (under PAGA) failed to pay meal period premiums and provide timely payment of wages are nothing more than vague and conclusory legal conclusions that need not be entitled to the assumption of truth.  (Mot., p. 8). Defendants further argue that Plaintiffs have failed to plead facts to support the allegation that Defendants' purported "policy" or "practice" of failing to pay minimum and overtime wages, provide wage statements, or provide suitable seating would have applied to all putative class members. (Mot., p. 8). Defendants also point out that Plaintiffs have failed to allege that Mr. Garcia, a store manager, was similarly situated to other non-managerial non-exempt employees throughout California. (Mot., p. 8). Defendants also argue that with regard to the purported store manager subclass, Plaintiffs fail to allege

1 how putative members of such a sub-class would be ascertained. (Mot., p. 8).

2 Although Defendants' motion is unopposed, dismissal of Plaintiffs' class allegations at this stage of the proceeding is premature. Although class allegations may be "wholly insufficient . . . compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969); *see also In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 615 (N.D. Cal. 2007) (denying defendant's Rule 12(b)(6) motion to dismiss and defendant's Rule 12(f) motion to strike the class allegations as premature because discovery had not yet commenced nor arguments related to class certification made). Defendants must challenge Plaintiffs' class allegations through a motion under Fed. R. Civ. P. 23. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009) (holding that Rule 23 does not preclude a defendant from bringing a preemptive motion to deny certification); *see also Kamm v. California*, 509 F.2d 205 (9th Cir. 1975). Defendants improperly seek to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or strike, pursuant to Fed. R. Civ. P. 12(f), Plaintiffs' class claims. Defendants' arguments regarding the propriety of Plaintiffs' class allegations are premature. *See Gillibeau*, 417 F.2d at 432. Accordingly, this Court DENIES Defendant's motion to strike or dismiss the class allegations at this procedural stage.

**B. Doe Defendants**

Next, Defendants contend that Plaintiffs improperly named Doe Defendants and improperly lumped LBI, CSI, and the Doe Defendants into a single entity, which renders his individual and class-wide claims deficient on their face. (Mot., p. 10). Defendants point out that absent specific allegations describing each Defendants' specific role in the alleged violations, a plaintiff fails to state a claim against any defendant. (Mot., p. 10). Accordingly, Defendants contend, the complaint alleges insufficiently class claims against any specific defendant under Fed. R. Civ. P. 12(b)(6), and should be dismissed. (Mot., p. 10).

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citations omitted). "However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would

be dismissed on other grounds." *Id*.

Here, Plaintiffs have failed to state a claim for relief against the Doe Defendants because they have failed to show how the Doe Defendants have participated in the alleged wage and hour, unpaid business expenses, and seating wrongs. Plaintiffs have also failed to show how the Doe Defendants participated in the alleged PAGA violations or how the Doe Defendants violated the UCL. Accordingly, this Court GRANTS Defendants' motion to dismiss the Doe Defendants from Plaintiff's complaint with leave to amend.

### C. Failure to Reimburse Business Expenditures

Defendants contend that Plaintiffs' Fourth Cause of Action for Defendants' purported failure to reimburse the business expenditures of the store manager subclass should be dismissed because the facts set forth by Plaintiffs are insufficient to establish any plausible inference of liability. (Mot., p. 11). Defendants point out that Plaintiffs fail to allege (i) whether all putative members of this proposed subclass suffered the same harm; (ii) the extent of expenses at issue; (iii) whether Mr. Garcia or the other subclass members ever submitted for reimbursement of these expenses and if so, what response they received; (iv) who told Mr. Garcia or any other member of the subclass that they would not be reimbursed for business-related expenses; or (v) to the extent a policy existed of not reimbursing employees, what form this policy took and how it was transmitted to Mr. Garcia and the members of the putative sub-class. (Mot., p. 11).

Defendants appear to hold Plaintiffs to the heightened pleading standard required under California law. "Pleading requirements differ between federal law and California law. California law requires that a complaint contain a statement of the facts constituting the cause of action." *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1270, fn. 3 (9th Cir. 2006) (en banc) (internal quotation marks and citations omitted). "Under federal law, the primary aim of the pleading requirements is to give fair notice to the other party." *Id*. Accordingly, under federal law a complaint need only "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiffs' complaint contains sufficient factual allegations to survive a motion to dismiss. Plaintiffs' allege that Defendant violated California Labor Code §§ 2800 and 2802. (Compl., p. 15).

California Labor Code § 2800 requires an employer to "indemnify his employee for losses caused by the employer's want of ordinary care." California Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Plaintiffs allege that Mr. Garcia and other store managers incurred necessary business-related expenses and costs that were not reimbursed fully. Specifically, Plaintiffs allege that Mr. Garcia and other store managers were required to travel to stores located in Fremont, Livermore, and Pleasanton as part of their job duties and were not reimbursed for their travel expenses. The complaint also alleges that Mr. Garcia and other store managers were required to correspond with their district managers daily using their personal telephones and were not reimbursed for this expense. Because this Court accepts as true Plaintiffs' well-pleaded allegations that they were required to travel and use their personal telephones as part of their job duties, and Defendant failed to reimburse them for these expenses, Plaintiffs have stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, this Court DENIES Defendants' motion to dismiss Plaintiffs' Fourth Cause of Action.

### D. PAGA Penalties

#### 1. Timing of Wage Payments

Defendants contend that Plaintiffs' Sixth Cause of Action for PAGA penalties arising from California Labor Code § 204 ("section 204"), regarding the timing of wage payments, should be dismissed because the allegation is conclusory. (Mot., p. 11-12). Defendants point out that other than reciting the legal requirements of section 204 and the conclusory statement that Defendants failed to pay wages when due, Plaintiffs' complaint is completely devoid of any facts that would allow LBI or CSI to discern the basis for this claim. (Mot., p. 12).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Plaintiffs have failed to allege enough facts to state a claim for relief to the extent they assert a

claim for failure to pay wages in a timely manner. In Plaintiffs' complaint, they summarize section 204 and then state:

> During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them within any time period specified by [section 204] including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, and unreimbursed expenses premiums.

(Compl., p. 18). In the general allegations section of Plaintiffs' complaint they allege that:

> Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, and unreimbursed expenses.

(Compl., p. 8). As pointed out by Defendant, it is unclear whether Plaintiff is asserting that LBI's payroll timing is wrong or if this claim is merely derivative of the failure to pay overtime or minimum wage allegations. Accordingly, this Court GRANTS Defendants' motion to dismiss Plaintiffs' section 204 allegations in their Sixth Cause of Action with leave to amend.

**2. Meal Period Premiums**

Defendants also contend that Plaintiffs' Sixth Cause of Action for PAGA penalties arising from California Labor Code §§ 226.7 and 512(a) ("section 226.7" and "section 512(a)"), regarding the alleged failure to provide meal period premiums should be dismissed because the allegation is conclusory. (Mot., p. 12-13). Defendants argue that the allegation "does no more than plead a speculative legal conclusion, unsupported by any facts." (Mot., p. 13).

Plaintiffs have alleged enough facts to state a claim for relief. Plaintiffs allege that they were required to work through meal and rest periods in order to complete their required tasks. (Compl., p. 19). They further allege that Defendants failed to provide all meal or rest periods or pay Mr. Garcia and other aggrieved employees the full meal and rest period premium wages. (Compl., p. 19). Plaintiffs' explain that they were given an unrealistically large number of tasks to perform during their scheduled work hours, but were reprimanded for not completing their tasks within their scheduled hours or if they worked overtime. (Compl., p. 11-12). As a result, Plaintiffs worked during meal and rest breaks in order to complete their assigned tasks during their scheduled hours. (Compl., p. 12). Plaintiffs'

allegations are sufficiently detailed to give notice to Defendants of the nature of the claim against them and to give them a fair opportunity to defend against it.  *See Starr*, 652 F.3d at 1216.

Accordingly, this Court DENIES Defendants' motion to dismiss Plaintiffs' section 226.7 and 512(a) allegations in their Sixth Cause of Action.

### E. Willfulness Allegations

Defendants contend that this Court should dismiss Plaintiffs' conclusory allegations of "willfulness" throughout the complaint because: (1) Plaintiffs have failed to allege facts sufficient to support the legal conclusion of willfulness and (2) Plaintiffs have failed to state a plausible claim that defendant acted with any mental state reflecting willfulness.  (Mot., p. 14).

In order to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, an allegation must: (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief."  *Starr,* 652 F.3d at 1216.

Here, Plaintiffs' allege that:

> Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law . . . (Compl., p. 7).
>
> Defendants knew or should have known that they had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so . . .

(Compl., p. 8-9).  Plaintiffs also allege that Defendants willfully failed to pay all overtime wages (Compl., p. 12); willfully failed to provide employees with complete and accurate wage statements (Compl., p. 13); and willfully failed to fully reimburse business expenditures (Compl., p. 15).

Plaintiffs' allegations are both factually sufficient and, taken as true, plausibly suggest entitlement to relief.  Plaintiffs allege that Defendants were advised by skilled lawyers and other professionals about labor and wage law, employment and personnel practices.  Defendants knew that they had a duty to compensate Plaintiff and class members but willfully failed to do so.  These allegations are sufficiently detailed to give notice to Defendants of the nature of Plaintiffs' claims against them and to give them a fair opportunity to defend against it.  *See Starr*, 652 F.3d at 1216.  If a business

entity is advised with regard to proper employment practices and then fails to pay all overtime wages, provide complete and accurate wage statements, and fully reimburse business expenditures, there is nothing to suggest that the entity's actions were anything but willful. *See id*. Accordingly, this Court DENIES Defendants' motion to dismiss or strike the willfulness allegations in Plaintiffs' complaint.

### III. Motion to Strike Request for Disgorgement

Defendants seek to strike, pursuant to Fed. R. Civ. P. 12(f), Plaintiffs' request for disgorgement under California Business and Professions Code § 17200, *et seq*. ("UCL") because disgorgement is not available to a private litigant under the UCL. (Mot., p. 14). Fed. R. Civ. P. 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 974-75 (9th Cir. 2010). The proper vehicle for disposing of such claims would be a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or a motion for summary judgment, pursuant to Fed. R. Civ. P. 56. *Id*. at 974. Accordingly, this Court DENIES Defendants' motion to strike.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. GRANTS Defendants' motion to dismiss CSI from the complaint;
2. DENIES Defendants' motion to dismiss or strike Plaintiffs' class allegations and willfulness allegations;
3. GRANTS Defendants' motion to dismiss the Doe Defendants and Plaintiffs' section 204 allegations in their Sixth Cause of Action with leave to amend;
4. DENIES Defendants' motion to dismiss Plaintiffs' Fourth Cause of Action and Plaintiffs' section 226.7 and 512(a) allegations in their Sixth Cause of Action; and
5. DENIES Defendants' motion to strike Plaintiffs' request for disgorgement.

IT IS SO ORDERED.

**Dated:   October 28, 2011**            /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE