1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNESTO GARCIA, individually, and on            CASE NO. CV-F-11-1566- LJO
     behalf of other members of the general
12   public similarly situated, and as aggrieved     **ORDER ON DEFENDANTS' MOTIONS TO**
     employees pursuant to the Private Attorneys     **DISMISS** (Docs. 10, 13)
13   General Act ("PAGA"),

14                          Plaintiffs,
             vs.
15
     LANE BRYANT, INC., a Pennsylvania
16   corporation; CHARMING SHOPPES,
     INC., a Pennsylvania corporation, and
17   DOES 1 through 10, inclusive

18                          Defendants.
     _____/
19

20                                  **INTRODUCTION**

21        Defendants Lane Bryant, Inc. ("LBI"), Charming Shoppes, Inc. ("CSI"), and Does 1 through 10[1]

22   seek to dismiss CSI from Plaintiffs'[2] complaint for lack of personal jurisdiction.  Defendants also seek

23   to dismiss Plaintiffs' class and willfulness allegations, the Doe Defendants, and several of Plaintiffs'

24   causes of action for failure to state a claim.  Defendants further seek to strike Plaintiffs' class and

25   willfulness allegations and Plaintiffs' request for disgorgement. The motions are unopposed. This Court

26   _____

27        [1] LBI, CSI, and Does 1 through 10 will be referred to collectively as "Defendants."

28        [2] Plaintiffs' are Ernesto Garcia ("Mr. Garcia") and the proposed class members.  Mr. Garcia and the proposed class
     members will be referred to collectively as "Plaintiffs."

                                          1

1  considered Defendants' motions on the record and VACATED the November 2, 2011 hearing or oral

2  argument, pursuant to this Court's Local Rule 230(g).  For the reasons discussed below, this Court

3  GRANTS Defendants' motion to dismiss CSI from the complaint for lack of personal jurisdiction;

4  GRANTS in part and DENIES in part Defendants' motion to dismiss for failure to state a claim; and

5  DENIES Defendants' motion to strike.

6  **BACKGROUND**[3]

7  In 2008, Plaintiff Ernesto Garcia ("Mr. Garcia") began working for LBI, a women's plus-size

8  specialty apparel retailer, as a non-exempt, hourly-paid store manager at LBI's Merced, California retail

9  store.  LBI is owned by CSI. (Lee Decl., ¶ 2).  CSI is a retail apparel holding company incorporated and

10 headquartered in Pennsylvania. (Lee Decl., ¶ 2).  CSI does not engage in any business operations. (Lee

11 Decl., ¶ 2).  Rather, all business operations are conducted by its subsidiaries, including LBI.  (Lee Decl.,

12 ¶ 2).  LBI employs non-exempt, hourly paid employees throughout the state of California.

13 Mr. Garcia and the other class members claim that CSI and LBI violated California law by failing

14 to pay overtime and minimum wage for all hours worked, provide employees with complete and accurate

15 wage statements, reimburse employees for all necessary business expenditures, and provide suitable

16 seating.  They also claim that CSI and LBI failed to provide all meal and rest periods or compensation

17 in lieu thereof; and failed to pay all wages in a timely manner.

18 Mr. Garcia alleges that he and other class members were given an unrealistically large number

19 of tasks to perform during their scheduled work hours.  These tasks included, but were not limited to,

20 pricing goods, rearranging store merchandise, setting up store displays, and dealing with customers.  If

21 the tasks were not completed during the employees scheduled work hours, or if the employees worked

22 overtime to complete the tasks, they were reprimanded.  Accordingly, Mr. Garcia and other class

23 members worked "off-the-clock" to complete their assigned tasks.  In addition, Mr. Garcia had to work

24

25 [3] The background facts are derived from the complaint; unless otherwise noted. This Court accepts these allegations
   as true for the Fed. R. Civ. P. 12(b)(6) motion.  *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).
26 Several facts are derived from the declaration of John Lee, Vice President and Chief Accounting Officer for CSI. These facts
   were only considered by the Court for purposes of the Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal
27 jurisdiction. *See Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (when deciding
   a motion to dismiss for lack of personal jurisdiction the allegations in a pleading may not be assumed true when they are
28 contradicted by an affidavit).

1    "off-the-clock" to complete additional assignments which were not related to his retail store work.  For

2    example, Mr. Garcia was the "Credit Captain" of his area, which involved coordinating with other stores

3    regarding their progress in signing up customers to Defendants' credit card offers.

4         Mr. Garcia alleges that this routine "off-the-clock" work and his work as Credit Captain resulted

5    in unpaid overtime, failure to pay minimum wage, and inaccurate wage statements.  Mr. Garcia explains

6    that some of the "off-the-clock" work he and other class members engaged in occurred before or after

7    the members' eight hour shift and, thus, qualified for overtime pay.  To the extent the time worked did

8    not qualify for overtime pay, Mr. Garcia alleges Defendants failed to pay minimum wage for these "off-

9    the-clock" hours.  Mr. Garcia further alleges that these "off-the-clock" hours led to inaccurate wage

10   statements, because the total hours worked were not accurately captured.

11        In addition, Mr. Garcia alleges that he and other store managers were not reimbursed for

12   expenses.  Mr. Garcia explains that he and other store managers were required to travel to company

13   meetings and required to help out at other stores in cities such as Fremont, Livermore, and Pleasanton.

14   Mr. Garcia alleges that he and other store managers were not reimbursed for their travel expenses.  Mr.

15   Garcia also explains that he and other store managers were required to correspond daily with their

16   district managers and other store managers through their personal telephones.  Mr. Garcia alleges that

17   he and other store managers were not reimbursed for these telephone expenses.

18        Finally, Mr. Garcia alleges that Defendants had a store policy that store employees could not sit

19   at any time while they were considered to be on the clock.  Employees were not permitted to sit, even

20   when it would not interfere with the performance of their duties, nor were they provided with suitable

21   seating.  Accordingly, Mr. Garcia and other class members were forced to stand throughout their shifts.

22                                    **Plaintiffs' Claims**

23        Plaintiffs proceed on their California Class Action Complaint ("complaint") which pursues a

24   collective action on behalf of all "non-exempt or hourly paid employees who worked for Defendants in

25   California, at any time from August 21, 2008 to the filing of this complaint until the date of

26   certification."  (Compl., p. 3).

27        The complaint also pursues a California class action for two subclasses: the "Penalties Subclass"

28   and the "Manager Unreimbursed Expenses Subclass."  (Compl., p. 3).  The "Penalties Subclass" consists

3

of all "non-exempt or hourly paid employees who worked for Defendants in California, within one year prior to the filing of this complaint until the date of certification." (Compl., p. 3). The "Manager Unreimbursed Expenses Subclass" consists of all "non-exempt or hourly paid store managers who worked for Defendants in California, within four years prior to the filing of this complaint until the date of certification who incurred business expenses as a result of working for Defendants." (Compl., p. 3-4).

The complaint asserts the following causes of action:

1.   Defendants failed to pay overtime, in violation of California Labor Code §§ 510, 1198 (First Cause of Action);

2.   Defendants failed to pay minimum wage for all hours worked, in violation of California Labor Code §§ 1194, 1197, and 1197.1 (Second Cause of Action);

3.   Defendants failed to provide employees with complete and accurate wage statements, in violation of California Labor Code § 226(a) (Third Cause of Action);

4.   Defendants failed to reimburse employees for all necessary business expenditures, in violation of California Labor Code §§ 2800 and 2802 (Fourth Cause of Action);

5.   Defendants failed to provide suitable seating, in violation of California Labor Code § 1198 and California Code of Regulations, Title 8, section 11070(14) (Fifth Cause of Action);

6.   The above violations, coupled with the fact that Defendants failed to provide all meal and/or rest periods or compensation in lieu thereof and failed to timely pay all wages owed, entitle Plaintiffs to recover civil penalties pursuant to California Labor Code §§ 2698, et seq. (Sixth Cause of Action); and

7.   The above violations subject Defendants to a claim under California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, et seq. (Seventh Cause of Action).

**Procedural History**

Defendants removed the action to this Court on the basis of diversity jurisdiction. Defendants then moved to dismiss CSI from the complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); to dismiss Plaintiffs' class and willfulness allegations, the Doe Defendants, and several of

4

1   Plaintiffs' causes of action for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); and to strike

2   Plaintiffs' class and willfulness allegations and Plaintiffs' request for disgorgement,  pursuant to Fed.

3   R. Civ. P. 12(f).  Plaintiffs failed to oppose the motions.  The November 2, 2011 hearing or oral

4   argument was vacated, pursuant to this Court's Local Rule 230(g).  This Court has considered

5   Defendants' arguments, the relevant law, and issues this order.

6                                                      **DISCUSSION**

7          **I. Motion to Dismiss for Lack of Personal Jurisdiction**

8          Defendants contend that CSI should be dismissed from the complaint because CSI's contacts

9   with California are insufficient for this Court to exercise personal jurisdiction over the company.  This

10  Court agrees and GRANTS Defendants' motion to dismiss CSI from Plaintiffs' complaint.

11         Fed. R. Civ. P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of personal

12  jurisdiction."  A district court's determination whether to exercise personal jurisdiction is a question of

13  law.  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  Although the

14  defendant is the moving party on a Fed. R. Civ. P. 12(b)(2) motion to dismiss, "the plaintiff bears the

15  burden of establishing that jurisdiction." *Id*.  "Uncontroverted allegations in the complaint must be taken

16  as true." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal

17  citations omitted).  Allegations in a pleading may not be assumed true however, when they are

18  contradicted by an affidavit.  *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284

19  (9th Cir. 1977).

20         Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general

21  jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify

22  the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction

23  which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation.

24  *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984).

25  Absent a traditional basis for jurisdiction (service within the state – physical presence, domicile or

26  consent), due process requires that the defendant have "certain minimum contacts with [the forum state]

27  such that the maintenance of the suit does not offend traditional notions of fair play and substantial

28  justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (internal

1   quotation marks and citations omitted).  Defendants' argue that this Court lacks both general and specific

2   jurisdiction over CSI.  This Court considers Defendants' arguments below.

3                              **A. General Jurisdiction**

4       Defendants argue that there is no basis for the Court to exercise general jurisdiction over CSI

5   because CSI's contacts with California are insufficient.  Defendants point out that CSI has no operations

6   or employees in California and does not conduct any activities in California.  (Jx Motion, p. 5).

7   Plaintiffs' allege that Defendants "have sufficient minimum contacts in California . . . so as to render

8   the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair

9   play and substantial justice."  (Compl., p. 1).  The complaint further alleges that CSI is a Pennsylvania

10  corporation doing business in California.  (Compl., p. 2).  The complaint fails to explain the sufficiency

11  of CSI's contacts in California.

12      Defendants have established that this Court lacks general personal jurisdiction over CSI.  In

13  determining whether a company has sufficient minimum contacts with a state for purposes of

14  establishing general jurisdiction, courts consider whether the defendant: (1) makes sales, solicits or

15  engages in business in the state; (2) serves the state's markets; (3) designates an agent for service of

16  process; (4) holds a license; or (5) is incorporated there.  *Bancroft & Masters, Inc. v. August Nat. Inc.*,

17  223 F.3d 1082, 1086 (9th Cir. 2000).  According to the declaration of John Lee ("Mr. Lee"), CSI's Vice

18  President and Chief Accounting Officer, CSI does not engage in any business activities in California.

19  (Lee Decl., ¶ 6).  Mr. Lee's declaration provides that CSI does not solicit California residents;

20  manufacture, purchase or sell goods in California; or advertise goods or services in California.  (Lee

21  Decl., ¶ 6).  CSI does not pay payroll or other taxes in California and has no employees in California.

22  (Lee Decl., ¶ 6).  In addition, CSI does not have registered agents for service of process in California.

23  (Lee Decl., ¶ 5).  Finally, CSI is incorporated and headquartered in Bensalem, Pennsylvania, and is not

24  registered to do business in California.  (Lee Decl., ¶ 2, 5).

25      Mr. Lee's declaration establishes that this Court lacks general jurisdiction over CSI.  Plaintiffs

26  fail to contravene this evidence and fail to carry their burden to prove general personal jurisdiction over

27  CSI.  *See Data Disc*, 557 F.2d at 1284 (the Court cannot assume the truth of allegations in a pleading

28  that is contradicted by a sworn affidavit).  Accordingly, CSI's contacts with California are insufficient

1  to establish general jurisdiction.  *See  Bancroft & Masters, Inc.*, 223 F.3d at 1086.

2  **B. Specific Jurisdiction**

3  Even if a nonresident defendant's contacts with the forum state are not sufficiently "continuous

4  and systematic" for general jurisdiction, the nonresident defendant may be subject to jurisdiction on

5  claims related to its activities or contacts there.  Whether limited jurisdiction lies "turns on an evaluation

6  of the nature and quality of the defendant's contacts in relation to the cause of action."  *Data Disc*, 557

7  F.2d at 1287.  A three-step evaluation of an out-of-state defendant's contacts with the forum determines

8  whether limited jurisdiction exists:

9    1.   The out-of-state defendant purposely directs its activities or consummated a transaction

10           with the forum or its resident; or performs an act by which the defendant purposefully

11           avails itself of the privilege of conducting activities in the forum to invoke the benefits

12           and protections of the forum's laws;

13   2.   Plaintiff's claim arises out of or results from the defendant's forum-related activities; and

14   3.   The forum's exercise of personal jurisdiction must be reasonable, that is, comports with

15           "fair play and substantial justice."

16  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478, 105 S.Ct. 2174 (1985); *Boschetto v. Hansing*,

17  539 F.3d 1011, 1016 (9th Cir. 2008); *see Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,*

18  784 F.2d 1392, 1397 (9th Cir. 1986); *Raffaele v. Compagnie Generale Maritime, S.A.*, 707 F.2d 395,

19  397 (9th Cir. 1983).  A plaintiff bears the burden on the first two prongs.  *Boschetto*, 539 F.3d at 1016.

20  If a plaintiff establishes both prongs, the defendant must present a "compelling case" that the exercise

21  of jurisdiction would not be reasonable.  *Id.*  If the plaintiff fails at the first step, "the jurisdictional

22  inquiry ends and the case must be dismissed."  *Id.*

23  **1. Purposeful Availment**

24  As to a defendant's purposefully-directed activities, the Ninth Circuit Court of Appeals explained

25  in *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988):

26   Purposeful availment analysis examines whether the defendant's contacts with the forum
     are attributable to his own actions or are solely the actions of the plaintiff.  In order to
27   have purposefully availed oneself of conducting activities in the forum, the defendant
     must have performed some type of affirmative conduct which allows or promotes the
28   transaction of business with the forum state.

1    Defendants contend that CSI is an out-of-state corporation that does not directly conduct any
2    business in California. (Jx Motion, p. 6).  Defendants point out that CSI has performed no "intentional
3    acts" and has not engaged affirmatively in any activities directed at California.  *Id*.  According to Mr.
4    Lee's declaration, CSI is a retail apparel holding company that does not engage in any business
5    operations. (Lee Decl., ¶ 2).  All business operations conducted within the CSI group of companies are
6    conducted and managed by its subsidiaries, including Lane Bryant, which is owned and operated by LBI.
7    (Lee Decl., ¶ 2).  In addition, Mr. Lee explains, CSI has not sent paychecks, wage statements, or payroll
8    taxes into California. (Lee Decl., ¶ 6, 8).  Mr. Lee's sworn declaration establishes that CSI has not
9    purposefully availed itself of conducting activities in the forum.  Plaintiffs fail to contravene this
10   evidence.  *See Data Disc*, 557 F.2d at 1284 (the Court cannot assume the truth of allegations in a
11   pleading that is contradicted by a sworn affidavit).  Accordingly, CSI has not purposefully availed itself
12   of conducting activities in the forum.  *See Sinatra*, 854 F.2d at 1195.

**2. Arising Out of Forum-Related Activities**

14   Defendants argue that even if the first element to establish specific jurisdiction could be satisfied,
15   there is no nexus between Plaintiffs' alleged wage and hour claims and any activity by CSI in California.
16   (Jx Motion, p. 6).  Defendants point out that Plaintiffs' claims arise out of the alleged manner in which
17   certain LBI policies and practices were established, implemented, and enforced at LBI stores in
18   California. (Jx Motion, p. 6).  Defendants point out that LBI, and not CSI, is the entity that establishes,
19   implements, and enforces the policies and practices applicable to LBI employees.  (Jx Motion, p. 6).
20   Plaintiffs' complaint alleges that both LBI and CSI are responsible for the unpaid wages, failure to
21   reimburse business expenditures, non-compliant wage statements, failure to provide seating, and all
22   other wrongs related to the manner in which the LBI stores were run.

23   Allegations in the complaint must be taken as true, *see CollegeSource*, 653 F.3d at 1073, unless
24   they are contradicted by an affidavit, *see Data Disc*, 557 F.2d at 1284.  The allegations in Plaintiffs'
25   complaint relate to the payment of wages, the reimbursement of business expenditures, and the manner
26   in which the LBI stores were run.  Mr. Lee's sworn declaration provides that CSI was not involved in
27   the payment of wages nor involved in the preparation of wage statements and that CSI does not "exert
28   direct managerial control over the day-to-day operations of [LBI]."  (Lee Decl., ¶ 7).  Plaintiffs have

1  submitted nothing to contravene Mr. Lee's sworn declaration.  *See Data Disc*, 557 F.2d at 1284 (the

2  Court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit).

3  Accordingly, Plaintiff has failed to establish specific jurisdiction over CSI.

4      For the reasons discussed above, this Court GRANTS defendants' motion to dismiss CSI from

5  Plaintiffs' complaint for lack of personal jurisdiction.

6      **II. Motion to Dismiss for Failure to State a Claim**

7      Defendants contend that Plaintiffs' class action allegations, the Doe defendants, Plaintiffs' failure

8  to reimburse business expenditures allegation, two of Plaintiffs' allegations under California's Private

9  Attorneys General Act ("PAGA"), and Plaintiffs' willfulness allegations should be dismissed for failure

10 to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  This Court GRANTS in part and DENIES in part

11 Defendants' motion to dismiss.

12     A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the

13 pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either

14 a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

15 theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion

16 to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint,

17 construes the pleading in the light most favorable to the party opposing the motion, and resolves all

18 doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

19     To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief

20 that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

21 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

22 inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

23 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

24 than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

25 "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short

26 of the line between possibility and plausibility for entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S.

27 at 557).

28     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

9

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).   Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951.   A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).   Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).   In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

With these standards in mind, this Court turns to Defendants' challenges to the allegations in Plaintiffs' complaint.

### A. Class Action Allegations

Defendants contend that Plaintiffs' class action allegations should be dismissed because their allegations are insufficient factually and conclusory.  (Mot., p. 3-9).  Defendants contend that simply alleging that Defendants failed to pay all non-exempt employees in California overtime pay and minimum wage, failed to provide compliant wage statements and proper seating, and (under PAGA) failed to pay meal period premiums and provide timely payment of wages are nothing more than vague and conclusory legal conclusions that need not be entitled to the assumption of truth.  (Mot., p. 8). Defendants further argue that Plaintiffs have failed to plead facts to support the allegation that Defendants' purported "policy" or "practice" of failing to pay minimum and overtime wages, provide wage statements, or provide suitable seating would have applied to all putative class members.  (Mot., p. 8).  Defendants also point out that Plaintiffs have failed to allege that Mr. Garcia, a store manager, was similarly situated to other non-managerial non-exempt employees throughout California.  (Mot., p. 8). Defendants also argue that with regard to the purported store manager subclass, Plaintiffs fail to allege

how putative members of such a sub-class would be ascertained.  (Mot., p. 8).

Although Defendants' motion is unopposed, dismissal of Plaintiffs' class allegations at this stage of the proceeding is premature.  Although class allegations may be "wholly insufficient . . . compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969); *see also In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 615 (N.D. Cal. 2007)  (denying defendant's Rule 12(b)(6) motion to dismiss and defendant's Rule 12(f) motion to strike the class allegations as premature because discovery had not yet commenced nor arguments related to class certification made).  Defendants must challenge Plaintiffs' class allegations through a motion under Fed. R. Civ. P. 23.  *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009) (holding that Rule 23 does not preclude a defendant from bringing a preemptive motion to deny certification); *see also Kamm v. California*, 509 F.2d 205 (9th Cir. 1975).  Defendants improperly seek to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or strike, pursuant to Fed. R. Civ. P. 12(f), Plaintiffs' class claims.  Defendants' arguments regarding the propriety of Plaintiffs' class allegations are premature. *See Gillibeau*, 417 F.2d at 432.  Accordingly, this Court DENIES Defendant's motion to strike or dismiss the class allegations at this procedural stage.

## B. Doe Defendants

Next, Defendants contend that Plaintiffs improperly named Doe Defendants and improperly lumped LBI, CSI, and the Doe Defendants into a single entity, which renders his individual and class-wide claims deficient on their face.  (Mot., p. 10).  Defendants point out that absent specific allegations describing each Defendants' specific role in the alleged violations, a plaintiff fails to state a claim against any defendant.  (Mot., p. 10).  Accordingly, Defendants contend, the complaint alleges insufficiently class claims against any specific defendant under Fed. R. Civ. P. 12(b)(6), and should be dismissed. (Mot., p. 10).

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citations omitted).  "However, situations arise . . . . where the identity of alleged defendants will not be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would

1   be dismissed on other grounds." *Id*.

2        Here, Plaintiffs have failed to state a claim for relief against the Doe Defendants because they

3   have failed to show how the Doe Defendants have participated in the alleged wage and hour, unpaid

4   business expenses, and seating wrongs.  Plaintiffs have also failed to show how the Doe Defendants

5   participated in the alleged PAGA violations or how the Doe Defendants violated the UCL.  Accordingly,

6   this Court GRANTS Defendants' motion to dismiss the Doe Defendants from Plaintiff's complaint with

7   leave to amend.

8                    **C. Failure to Reimburse Business Expenditures**

9        Defendants contend that Plaintiffs' Fourth Cause of Action for Defendants' purported failure to

10   reimburse the business expenditures of the store manager subclass should be dismissed because the facts

11   set forth by Plaintiffs are insufficient to establish any plausible inference of liability.  (Mot., p. 11).

12   Defendants point out that Plaintiffs fail to allege (i) whether all putative members of this proposed

13   subclass suffered the same harm; (ii) the extent of expenses at issue; (iii) whether Mr. Garcia or the other

14   subclass members ever submitted for reimbursement of these expenses and if so, what response they

15   received; (iv) who told Mr. Garcia or any other member of the subclass that they would not be

16   reimbursed for business-related expenses; or (v) to the extent a policy existed of not reimbursing

17   employees, what form this policy took and how it was transmitted to Mr. Garcia and the members of the

18   putative sub-class.  (Mot., p. 11).

19        Defendants appear to hold Plaintiffs to the heightened pleading standard required under

20   California law.  "Pleading requirements differ between federal law and California law.  California law

21   requires that a complaint contain a statement of the facts constituting the cause of action."  *See*

22   *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1270, fn. 3 (9th Cir. 2006) (en banc) (internal quotation

23   marks and citations omitted).  "Under federal law, the primary aim of the pleading requirements is to

24   give fair notice to the other party."  *Id*.  Accordingly, under federal law a complaint need only "contain

25   sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend

26   itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

27        Plaintiffs' complaint contains sufficient factual allegations to survive a motion to dismiss.

28   Plaintiffs' allege that Defendant violated California Labor Code §§ 2800 and 2802.  (Compl., p. 15).

California Labor Code § 2800 requires an employer to "indemnify his employee for losses caused by the employer's want of ordinary care."  California Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."  Plaintiffs allege that Mr. Garcia and other store managers incurred necessary business-related expenses and costs that were not reimbursed fully.  Specifically, Plaintiffs allege that Mr. Garcia and other store managers were required to travel to stores located in Fremont, Livermore, and Pleasanton as part of their job duties and were not reimbursed for their travel expenses.  The complaint also alleges that Mr. Garcia and other store managers were required to correspond with their district managers daily using their personal telephones and were not reimbursed for this expense.  Because this Court accepts as true Plaintiffs' well-pleaded allegations that they were required to travel and use their personal telephones as part of their job duties, and Defendant failed to reimburse them for these expenses, Plaintiffs have stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Accordingly, this Court DENIES Defendants' motion to dismiss Plaintiffs' Fourth Cause of Action.

### D. PAGA Penalties

#### 1. Timing of Wage Payments

Defendants contend that Plaintiffs' Sixth Cause of Action for PAGA penalties arising from California Labor Code § 204 ("section 204"), regarding the timing of wage payments, should be dismissed because the allegation is conclusory. (Mot., p. 11-12).  Defendants point out that other than reciting the legal requirements of section 204 and the conclusory statement that Defendants failed to pay wages when due, Plaintiffs' complaint is completely devoid of any facts that would allow LBI or CSI to discern the basis for this claim.  (Mot., p. 12).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Plaintiffs have failed to allege enough facts to state a claim for relief to the extent they assert a

1  claim for failure to pay wages in a timely manner.  In Plaintiffs' complaint, they summarize section 204

2  and then state:

3      During the relevant time period, Defendants failed to pay Plaintiff and
       other aggrieved employees all wages due to them within any time period
4      specified by [section 204] including, but not limited to, overtime wages,
       minimum wages, meal and rest period premium wages, and unreimbursed
5      expenses premiums.

6  (Compl., p. 18).  In the general allegations section of Plaintiffs' complaint they allege that:

7      Defendants knew or should have known that Plaintiff and class members
       were entitled to timely payment of wages during their employment.  In
8      violation of the California Labor Code, Plaintiff and class members did
       not receive payment of all wages, including, but not limited to, overtime
9      wages, minimum wages, meal and rest period premium wages, and
       unreimbursed expenses.

10

11  (Compl., p. 8).  As pointed out by Defendant, it is unclear whether Plaintiff is asserting that LBI's

12  payroll timing is wrong or if this claim is merely derivative of the failure to pay overtime or minimum

13  wage allegations.  Accordingly, this Court GRANTS Defendants' motion to dismiss Plaintiffs' section

14  204 allegations in their Sixth Cause of Action with leave to amend.

15                                   **2. Meal Period Premiums**

16      Defendants also contend that Plaintiffs' Sixth Cause of Action for PAGA penalties arising from

17  California Labor Code §§ 226.7 and 512(a) ("section 226.7" and "section 512(a)"), regarding the alleged

18  failure to provide meal period premiums should be dismissed because the allegation is conclusory.

19  (Mot., p. 12-13).  Defendants argue that the allegation "does no more than plead a speculative legal

20  conclusion, unsupported by any facts."  (Mot., p. 13).

21      Plaintiffs have alleged enough facts to state a claim for relief.  Plaintiffs allege that they were

22  required to work through meal and rest periods in order to complete their required tasks.  (Compl., p.

23  19).  They further allege that Defendants failed to provide all meal or rest periods or pay Mr. Garcia and

24  other aggrieved employees the full meal and rest period premium wages.  (Compl., p. 19).  Plaintiffs'

25  explain that they were given an unrealistically large number of tasks to perform during their scheduled

26  work hours, but were reprimanded for not completing their tasks within their scheduled hours or if they

27  worked overtime.  (Compl., p. 11-12).  As a result, Plaintiffs worked during meal and rest breaks in

28  order to complete their assigned tasks during their scheduled hours.  (Compl., p. 12).  Plaintiffs'

allegations are sufficiently detailed to give notice to Defendants of the nature of the claim against them and to give them a fair opportunity to defend against it.  *See Starr*, 652 F.3d at 1216.

Accordingly, this Court DENIES Defendants' motion to dismiss Plaintiffs' section 226.7 and 512(a) allegations in their Sixth Cause of Action.

**E. Willfulness Allegations**

Defendants contend that this Court should dismiss Plaintiffs' conclusory allegations of "willfulness" throughout the complaint because: (1) Plaintiffs have failed to allege facts sufficient to support the legal conclusion of willfulness and (2) Plaintiffs have failed to state a plausible claim that defendant acted with any mental state reflecting willfulness.  (Mot., p. 14).

In order to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, an allegation must: (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief."  *Starr,* 652 F.3d at 1216.

Here, Plaintiffs' allege that:

> Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law . . . (Compl., p. 7).

> Defendants knew or should have known that they had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so . . .

(Compl., p. 8-9).  Plaintiffs also allege that Defendants willfully failed to pay all overtime wages (Compl., p. 12); willfully failed to provide employees with complete and accurate wage statements (Compl., p. 13); and willfully failed to fully reimburse business expenditures (Compl., p. 15).

Plaintiffs' allegations are both factually sufficient and, taken as true, plausibly suggest entitlement to relief.  Plaintiffs allege that Defendants were advised by skilled lawyers and other professionals about labor and wage law, employment and personnel practices.  Defendants knew that they had a duty to compensate Plaintiff and class members but willfully failed to do so.  These allegations are sufficiently detailed to give notice to Defendants of the nature of Plaintiffs' claims against them and to give them a fair opportunity to defend against it. *See Starr*, 652 F.3d at 1216.  If a business

15

1  entity is advised with regard to proper employment practices and then fails to pay all overtime wages,

2  provide complete and accurate wage statements, and fully reimburse business expenditures, there is

3  nothing to suggest that the entity's actions were anything but willful. *See id.*  Accordingly, this Court

4  DENIES Defendants' motion to dismiss or strike the willfulness allegations in Plaintiffs' complaint.

5  **III. Motion to Strike Request for Disgorgement**

6  Defendants seek to strike, pursuant to Fed. R. Civ. P. 12(f), Plaintiffs' request for disgorgement

7  under California Business and Professions Code § 17200, *et seq.* ("UCL") because disgorgement is not

8  available to a private litigant under the UCL.  (Mot., p. 14).  Fed. R. Civ. P. 12(f) "does not authorize

9  district courts to strike claims for damages on the ground that such claims are precluded as a matter of

10  law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 974-75 (9th Cir. 2010).  The proper vehicle for

11  disposing of such claims would be a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or a motion

12  for summary judgment, pursuant to Fed. R. Civ. P. 56.  *Id.* at 974.  Accordingly, this Court DENIES

13  Defendants' motion to strike.

14  **CONCLUSION AND ORDER**

15  For the foregoing reasons, this Court:

16  1.    GRANTS Defendants' motion to dismiss CSI from the complaint;

17  2.    DENIES Defendants' motion to dismiss or strike Plaintiffs' class allegations and

18        willfulness allegations;

19  3.    GRANTS Defendants' motion to dismiss the Doe Defendants and Plaintiffs' section 204

20        allegations in their Sixth Cause of Action with leave to amend;

21  4.    DENIES Defendants' motion to dismiss Plaintiffs' Fourth Cause of Action and

22        Plaintiffs' section 226.7 and 512(a) allegations in their Sixth Cause of Action; and

23  5.    DENIES Defendants' motion to strike Plaintiffs' request for disgorgement.

24

25

26                              IT IS SO ORDERED.

27  **Dated:    October 28, 2011**            **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE
28