# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO GARCIA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LANE BRYANT, INC., a Pennsylvania corporation,<br><br>　　　　　　　Defendant. | 1:11cv01566 LJO DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br>(Document 22) |

Plaintiff Ernesto Garcia ("Plaintiff") filed the instant motion for leave to file a first amended complaint on December 2, 2011. The matter was heard on January 27, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Gene Williams appeared on behalf of Plaintiff. Eric Meckley appeared telephonically on behalf of Defendant Lane Bryant, Inc.

## INTRODUCTION

Plaintiff filed a class action lawsuit against Defendants Lane Bryant, Inc. ("Lane Bryant") and Charming Shoppes, Inc. (collectively "Defendants") in Merced County Superior Court on July 28, 2011. Plaintiff asserted California Labor Code violations, including the following: (1) failure to pay overtime; (2) failure to pay minimum wage for all hours worked; (3) failure to provide employees with complete and accurate wage statements; (4) failure to reimburse employees for all necessary business expenditures; and (5) failure to provide suitable seating.

1  Plaintiff also alleged violations of California Labor Code §§ 2698 et seq., the PAGA, and of
2  California Unfair Competition Law, California Business and Professions Code section 17200 et
3  seq.
4        On September 15, 2011, Defendants removed the matter to this Court. On October 31,
5  2011, the Court dismissed Defendant Charming Shoppes, Inc. from this action. Thereafter,
6  Defendant Lane Bryant filed an answer to the complaint on November 14, 2011.
7        On November 17, 2011, the Court held a scheduling conference and provided a deadline
8  of December 2, 2011, for the parties to file a motion to amend and a motion to dismiss.
9        On December 2, 2011, Lane Bryant filed a motion to enforce a settlement agreement
10  entered into between Plaintiff and Defendants. Lane Bryant alternatively sought summary
11  judgment on Plaintiff's claims.
12        On December 2, 2011, Plaintiff filed the instant motion for leave to file a first amended
13  complaint to substitute the named plaintiff in this case.
14        On December 5, 2011, the Court vacated the hearing on the motion to enforce settlement
15  agreement, stating that determination of the motion to amend prior to Lane Bryant's motion to
16  enforce settlement will narrow relevant issues and promote efficiency. Doc. 26.
17        On January 13, 2012, Lane Bryant filed its opposition to the motion to amend. Plaintiff
18  filed his reply on January 20, 2012.

## FACTUAL BACKGROUND

20  On June 2, 2011, Plaintiff filed a discrimination charge against Lane Bryant and
21  Charming Shoppes with the California Department of Fair Employment and Housing ("DFEH").
22  Declaration of Rebecca Walden ("Walden Dec.") ¶ 3.
23        On July 26, 2011, Plaintiff filed this class action lawsuit in Merced County regarding
24  wage and hour claims against Lane Bryant and Charming Shoppes. Doc. 1.
25        By August 16, 2011, the DFEH mediation office communicated with Plaintiff about his
26  willingness to participate in mediation with a neutral DFEH mediator. Walden Dec. ¶ 4. Both
27  Plaintiff and Lane Bryant agreed to mediation. Walden Dec. ¶ 5.
28

1    On September 1, 2011, the DFEH mediator sent an e-mail to Rebecca Walden, Human
2 Resources Manager of Stores for Lane Bryant, and to Plaintiff that included: (1) written notice
3 confirming the agreement to participate in telephonic mediation on September 16, 2011; (2) an
4 agreement to mediate and confidentiality form; (3) a sample settlement agreement; and (4) a
5 sample notice of successful mediation.  Walden Dec. ¶ 5 and Exhibit 1.
6    On September 26, 2011, Plaintiff, Ms. Walden and Thomas M. Smith, Vice President of
7 Legal and Employee Relations for Lane Bryant and Assistant Secretary for Charming Shoppes
8 participated in the DFEH mediation by telephone from different states.  Other than initial
9 introductions and opening statements, neither Ms. Walden nor Mr. Smith spoke directly to
10 Plaintiff.  All substantive communications were with the DFEH mediator.  Walden Dec. ¶¶ 6-7;
11 Declaration of Thomas Smith ("Smith Dec.") ¶ 6.  According to Ms. Walden and Mr. Smith,
12 there was a break during the mediation so that Plaintiff could speak with his attorneys regarding
13 settlement of his wage and hour claims and dismissal of his lawsuit.  Walden Dec. ¶ 8; Smith
14 Dec. ¶ 7.
15    A settlement was reached during the DFEH mediation.  Walden Dec. ¶ 9.  On that same
16 day, Mr. Smith modified the DFEH form settlement agreement to expressly reference dismissal
17 of the wage and hour putative class action.  Mr. Smith sent the draft agreement to the mediator,
18 who forwarded it to Plaintiff.  Plaintiff executed the agreement and emailed it to the mediator
19 with a copy to Mr. Smith.  Smith Dec. ¶ 8 and Exhibit 4.
20    Immediately after the mediation, Plaintiff reportedly contacted his class action counsel
21 and informed them that the parties did not settle.  The following day, on September 27, 2011,
22 Plaintiff sent his counsel a letter seeking to withdraw himself from this case as the named class
23 representative.  Declaration of David M. Medby ("Medby Dec.") ¶ 7.  Plaintiff also sent Mr.
24 Smith an e-mail, copied to Ms. Walden and the DFEH mediator, stating that he had instructed his
25 attorneys in the wage and hour lawsuit to "immediately withdraw" his participation from the
26 lawsuit.  Walden Dec. ¶ 9 and Exhibit 2.
27    As part of the settlement agreement, Lane Bryant provided settlement checks to Plaintiff,
28 which he cashed.  Walden Dec. ¶ 10.

1   On October 17, 2011, defense counsel sent an e-mail to Plaintiff's counsel requesting
2   they sign a stipulation to dismiss this action based on the settlement agreement. Plaintiff's
3   counsel represented that this was the first time they were informed that Defendants and Plaintiff
4   had entered into a settlement agreement. Medby Dec. ¶ 8 and Exhibit C. Plaintiff's counsel also
5   complained that they were not advised of the mediation until after the settlement agreement was
6   signed. Medby Dec. ¶ 6 n. 1.

7   On October 27, 2011, Plaintiff's counsel informed defense counsel that further
8   investigation was required to determine how they were able to settle Mr. Garcia's claims without
9   his legal representation. Defense counsel reported that an investigation was unnecessary and
10  requested that Plaintiff's counsel immediately sign the stipulation to dismiss. Medby Dec. ¶ 9
11  and Exhibit E.

12  On November 9, 2011, Plaintiff spoke with his counsel and expressed his desire to
13  withdraw as the named class representative. According to counsel, Plaintiff reportedly stated
14  "his unequivocal understanding that he had not released his claims in the present action by way
15  of his settlement with Defendants." Medby Dec. ¶ 10.

16  On November 17, 2011, the parties participated in a Scheduling Conference. At that
17  time, the Court set a deadline of December 2, 2011, for the parties to file a motion to amend and
18  a motion to dismiss.

19  On December 2, 2011, Lane Bryant filed their motion to enforce the settlement
20  agreement. On that same date, Plaintiff filed the motion to amend the complaint to substitute
21  Jayne Miles for Ernesto Garcia as the named plaintiff and class representative.

## DISCUSSION

### I.      Motion to Amend the Complaint

   A.      Proposed Amendment

By the instant motion, Plaintiff seeks to remove Ernesto Garcia as the class representative
in this action and replace him with Jayne Miles. The proposed amendment does not add new
claims and does not modify the class allegations, the class definition or the class period. In sum,
the changes include replacing Mr. Garcia's name with Jayne Miles and adding allegations

regarding Ms. Miles' county of residence, her job position and her dates of employment. The amendment also deletes certain allegations relating to Mr. Garcia. Medby Dec. ¶ 12 and Exhibit A.

B. Legal Standard

Federal Rule of Civil Procedure Rule 15(a) provides that the court should "freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Defendant Lane Bryant incorrectly argues that resolution of the motion to amend is governed by Federal Rule of Civil Procedure 16, which applies when a pretrial scheduling order has issued and the deadline for amending the pleadings has passed. Fed. R. Civ. P. 16(b)(4). Lane Bryant asserts that the Court's order setting the mandatory scheduling conference required the parties to submit any proposed amendment contemporaneously with the Scheduling Conference Report, but Plaintiff failed to do so. While this may be true, the Court has not issued a pretrial scheduling order. Furthermore, at the Scheduling Conference, the Court set a deadline of December 2, 2011, for filing any motion to amend the complaint. Plaintiff complied with that order, filing the instant motion on December 2, 2011.

C. Analysis

1. Substitution of Named Plaintiff Prior to Class Certification

Plaintiff's sole basis for amendment is to substitute Jayne Miles for Ernesto Garcia as the

Case 1:11-cv-01566-LJO-DLB   Document 33   Filed 01/31/12   Page 6 of 9

class representative in this case. Plaintiff contends that this amendment is mandated by case law and is not futile. The Court disagrees.

To support the proposition that the amendment is mandated by case law, Plaintiff cites Kagan v. Gib. Sav. & Loan Ass'n, 35 Cal.3d 582, 596 (1984). In Kagan, the court stated: "[S]hould the trial court conclude that plaintiff cannot suitably represent the class, it should afford her 'the opportunity to amend [her] complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative." Id. at 596. What Plaintiff omits is that the appellate court was expressing its view that amendment of the class representative may be appropriate *following* a conclusion that the conditions for bringing a class action had been met. There has been no similar determination in this case. Indeed, the Court has not even had the occasion to consider whether this matter should proceed as a class action.

In this case, Plaintiff has voluntarily waived, released and settled all of his claims and expressly agreed to dismiss this lawsuit prior to class certification. As a result, there is no live "case or controversy" to be decided within the meaning of Article III of the United States Constitution and this Court lacks subject matter jurisdiction. See, e.g., Kremens v. Bartley, 431 U.S. 119, 132-33, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977); Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs, 420 U.S. 128, 129, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam); Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir.2003); Skilstaf, Inc. v. CVS Caremark Corp., 2010 WL 199717, *6 (N.D. Cal. Jan. 13, 2010); Sanchez v. WalMart Stores, Inc., 2009 WL 2971553, *3 (E.D. Cal. Sept. 11, 2009); Barnes v. First American Title Ins. Co., 473 F.Supp.2d 798, 800-02 (N.D. Ohio Feb. 7, 2007) (district court denied leave to amend to allow substitution prior to class certification). Where a named representative has settled his or her individual claims prior to class certification and there is no longer a "case or controversy," leave to amend would be improper. See Velazquez v. GMAC Mortgage Corp., 2009 WL 2959838, *3 (C.D. Cal. Sept. 10, 2009) (denying substitution of named plaintiffs before class certification; noting that substitution is appropriate only after class certification because the class then acquires legal status separate from that of the named plaintiffs); Smith v. T-Mobile USA Inc., 570 F.3d 1119, 1123 (9th Cir. 2009) (case rendered moot when plaintiffs

6

voluntarily settled all of their claims after the district court denied Fair Labor Stands Act collective action certification); Stanford v. Home Depot U.S.A., Inc., 2008 WL 7348181, *6-7 (S.D. Cal. May 27, 2008) (putative class representative lacked standing at inception of action to bring claim; court dismissed action without prejudice without leave to amend and reasoned that if an individual claim becomes moot before class certification, the action may be dismissed for lack of subject matter jurisdiction); Hitt v. Arizona Beverage Co.. LLC, 2009 WL 4261192, *5 (S.D. Cal. Nov. 24, 2009) (court denied motion to amend where plaintiff no longer wished to prosecute class action and no class had been certified; court found that a "suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified.").

Plaintiff contends that at least one federal case provides that when a named plaintiff's claims become moot, intervention by absentee members is freely allowed in order to substitute them as class representatives. Plaintiff cites Wade v. Kirkland, 118 F.3d 667, 670 (9th Cir. 1997), which is distinguishable from the instant matter. In Wade, there was a class certification motion pending at the time the plaintiff's individual claims became moot and the appellate court remanded the action for a determination of whether the plaintiff continued to have a stake in obtaining class certification. In this case, there is no pending motion for class certification and the plaintiff no longer desires any stake in this action.[1]

Plaintiff also attempts to argue that there are no cases cited that stand for the proposition that the mootness doctrine mandates dismissal where there is a suitable substitute class representative available to continue the action. Plaintiff's argument is unsupported. For example, Plaintiff claims that Stanford, *supra.*, is distinguishable because, unlike here, the plaintiff lacked standing at the inception of the action. Stanford, 2008 WL 7348181 at *6-7. Plaintiff correctly notes the factual distinction in Stanford, but ignores the court's general finding

---

[1] Plaintiff also cites Sherman v. Griepentrog, 775 F.Supp. 1383, 1386 (D. Nev. 1991) (commenting on courts differing responses to mootness of class representative's claims prior to class certification). However, Sherman is not binding authority and is not directly on point. In Sherman, the class representative died prior to class certification and another class member moved to intervene. The court allowed the intervention to permit the action to proceed efficiently, noting that the intervenor's claims shared the same issues of fact and law as the other class members.

7

1 that if an individual claim becomes moot before class certification, the action may be dismissed
2 for lack of subject matter jurisdiction. Id. Plaintiff also attempts to distinguish Velazquez by
3 arguing that leave to amend was denied due to prejudice and undue delay and those factors are
4 not present here. Velazquez, 2009 WL 2959838 at *3. However, the primary factor considered
5 by the Velazquez court in denying leave to amend was the determination that substitution is
6 appropriate only *after* class certification because the class acquires legal status separate from that
7 of the named plaintiffs. Id.

8     In an effort to support amendment, Plaintiff avers that the court and class counsel have a
9 fiduciary duty to the putative class that mandates substitution of the representative. While it may
10 be true that there is a duty to protect the interests of absent class members, there has been no
11 class certified in this case. Plaintiff cites La Sala v. American Sav. & Loan Assn., 5 Cal.3d 864,
12 871, 97 Cal.Rptr. 849, 489 P.2d 1113 (1971) to suggest that the court must afford absent class
13 members the right to substitute a new named plaintiff before a class is certified. However, La
14 Sala demonstrates that leave to substitute a different class representative should be granted when
15 there is a certified class and it is determined that the plaintiff does not suitably represent the
16 class. Id.

17     Plaintiff also argues that if absent class members are not afforded the opportunity to
18 substitute the class representative they will suffer prejudice upon dismissal of the action because
19 the statute of limitations will have continued to run. If Plaintiff's counsel had dismissed the
20 action and re-filed with a new plaintiff at the time of settlement, however, there would have been
21 a time difference of only approximately two months. The case was initially filed on July 26,
22 2011, and counsel was informed of the settlement on September 27, 2011. Any purported
23 prejudice would be due to counsel's delay.

24     Moreover, Plaintiff's argument presumes that if leave to amend was granted, then the
25 amended complaint would relate back to the original filing date. Relation back is permitted
26 where the amendment asserts a claim that arose out of the conduct, transaction or occurrence set
27 out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). The claims of the proposed plaintiff,
28 Ms. Miles, do not arise out of the conduct or occurrence upon which Mr. Garcia, the original

plaintiff, based his claims.  Mr. Garcia was a full-time store manager in Merced.  He worked under different management and was required to travel without reimbursement, work off-the-clock as a Credit Captain, and work-off-the clock because defendants refused to pay overtime.  In contrast, Ms. Miles worked part-time in Redondo Beach, she was not a manager, and she did not have to travel or serve as a Credit Captain and she typically would not have worked enough hours to qualify for overtime.  Declaration of Theresa Sullivan ¶¶ 4-6.  At a minimum, Plaintiff admits that unlike Mr. Garcia, Ms. Miles does not have a claim for unpaid overtime.  Ms. Garcia also would not be part of the manager unreimbursed expenses subclass, which is defined as "[a]ll non-exempt or hourly paid store managers who worked for Defendants in California, within four yours prior to the filing this complaint until the date of certification who incurred business expenses as a result of working for Defendants."  Complaint ¶ 19.  In fact, there are a number of claims and allegations in the original pleading, which are not altered by the proposed amendment, that clearly do not apply to Ms. Miles.  Thus, relation back would be inappropriate.

## **CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's motion for leave to file a first amended complaint is DENIED.

IT IS SO ORDERED.

Dated: **January 30, 2012**               /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE