1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO GARCIA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>          Plaintiff,<br><br>    v.<br><br>LANE BRYANT, INC., a Pennsylvania corporation,<br><br>          Defendant. | 1:11cv01566 LJO DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br>(Document 22) |

17
18
19
20
21

      Plaintiff Ernesto Garcia ("Plaintiff") filed the instant motion for leave to file a first amended complaint on December 2, 2011.  The matter was heard on January 27, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Gene Williams appeared on behalf of Plaintiff.  Eric Meckley appeared telephonically on behalf of Defendant Lane Bryant, Inc.

22

## INTRODUCTION

23
24
25
26
27
28

      Plaintiff filed a class action lawsuit against Defendants Lane Bryant, Inc. ("Lane Bryant") and Charming Shoppes, Inc. (collectively "Defendants") in Merced County Superior Court on July 28, 2011.  Plaintiff asserted California Labor Code violations, including the following: (1) failure to pay overtime; (2) failure to pay minimum wage for all hours worked; (3) failure to provide employees with complete and accurate wage statements; (4) failure to reimburse employees for all necessary business expenditures; and (5) failure to provide suitable seating.

Plaintiff also alleged violations of California Labor Code §§ 2698 *et seq.*, the PAGA, and of California Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*

On September 15, 2011, Defendants removed the matter to this Court. On October 31, 2011, the Court dismissed Defendant Charming Shoppes, Inc. from this action. Thereafter, Defendant Lane Bryant filed an answer to the complaint on November 14, 2011.

On November 17, 2011, the Court held a scheduling conference and provided a deadline of December 2, 2011, for the parties to file a motion to amend and a motion to dismiss.

On December 2, 2011, Lane Bryant filed a motion to enforce a settlement agreement entered into between Plaintiff and Defendants. Lane Bryant alternatively sought summary judgment on Plaintiff's claims.

On December 2, 2011, Plaintiff filed the instant motion for leave to file a first amended complaint to substitute the named plaintiff in this case.

On December 5, 2011, the Court vacated the hearing on the motion to enforce settlement agreement, stating that determination of the motion to amend prior to Lane Bryant's motion to enforce settlement will narrow relevant issues and promote efficiency. Doc. 26.

On January 13, 2012, Lane Bryant filed its opposition to the motion to amend. Plaintiff filed his reply on January 20, 2012.

## FACTUAL BACKGROUND

On June 2, 2011, Plaintiff filed a discrimination charge against Lane Bryant and Charming Shoppes with the California Department of Fair Employment and Housing ("DFEH"). Declaration of Rebecca Walden ("Walden Dec.") ¶ 3.

On July 26, 2011, Plaintiff filed this class action lawsuit in Merced County regarding wage and hour claims against Lane Bryant and Charming Shoppes. Doc. 1.

By August 16, 2011, the DFEH mediation office communicated with Plaintiff about his willingness to participate in mediation with a neutral DFEH mediator. Walden Dec. ¶ 4. Both Plaintiff and Lane Bryant agreed to mediation. Walden Dec. ¶ 5.

1   On September 1, 2011, the DFEH mediator sent an e-mail to Rebecca Walden, Human

2   Resources Manager of Stores for Lane Bryant, and to Plaintiff that included: (1) written notice

3   confirming the agreement to participate in telephonic mediation on September 16, 2011; (2) an

4   agreement to mediate and confidentiality form; (3) a sample settlement agreement; and (4) a

5   sample notice of successful mediation.  Walden Dec. ¶ 5 and Exhibit 1.

6   On September 26, 2011, Plaintiff, Ms. Walden and Thomas M. Smith, Vice President of

7   Legal and Employee Relations for Lane Bryant and Assistant Secretary for Charming Shoppes

8   participated in the DFEH mediation by telephone from different states.  Other than initial

9   introductions and opening statements, neither Ms. Walden nor Mr. Smith spoke directly to

10  Plaintiff.  All substantive communications were with the DFEH mediator.  Walden Dec. ¶¶ 6-7;

11  Declaration of Thomas Smith ("Smith Dec.") ¶ 6.  According to Ms. Walden and Mr. Smith,

12  there was a break during the mediation so that Plaintiff could speak with his attorneys regarding

13  settlement of his wage and hour claims and dismissal of his lawsuit.  Walden Dec. ¶ 8; Smith

14  Dec. ¶ 7.

15  A settlement was reached during the DFEH mediation.  Walden Dec. ¶ 9.  On that same

16  day, Mr. Smith modified the DFEH form settlement agreement to expressly reference dismissal

17  of the wage and hour putative class action.  Mr. Smith sent the draft agreement to the mediator,

18  who forwarded it to Plaintiff.  Plaintiff executed the agreement and emailed it to the mediator

19  with a copy to Mr. Smith.  Smith Dec. ¶ 8 and Exhibit 4.

20  Immediately after the mediation, Plaintiff reportedly contacted his class action counsel

21  and informed them that the parties did not settle.  The following day, on September 27, 2011,

22  Plaintiff sent his counsel a letter seeking to withdraw himself from this case as the named class

23  representative.  Declaration of David M. Medby ("Medby Dec.") ¶ 7.  Plaintiff also sent Mr.

24  Smith an e-mail, copied to Ms. Walden and the DFEH mediator, stating that he had instructed his

25  attorneys in the wage and hour lawsuit to "immediately withdraw" his participation from the

26  lawsuit.  Walden Dec. ¶ 9 and Exhibit 2.

27  As part of the settlement agreement, Lane Bryant provided settlement checks to Plaintiff,

28  which he cashed.  Walden Dec. ¶ 10.

3

On October 17, 2011, defense counsel sent an e-mail to Plaintiff's counsel requesting they sign a stipulation to dismiss this action based on the settlement agreement. Plaintiff's counsel represented that this was the first time they were informed that Defendants and Plaintiff had entered into a settlement agreement. Medby Dec. ¶ 8 and Exhibit C. Plaintiff's counsel also complained that they were not advised of the mediation until after the settlement agreement was signed. Medby Dec. ¶ 6 n. 1.

On October 27, 2011, Plaintiff's counsel informed defense counsel that further investigation was required to determine how they were able to settle Mr. Garcia's claims without his legal representation. Defense counsel reported that an investigation was unnecessary and requested that Plaintiff's counsel immediately sign the stipulation to dismiss. Medby Dec. ¶ 9 and Exhibit E.

On November 9, 2011, Plaintiff spoke with his counsel and expressed his desire to withdraw as the named class representative. According to counsel, Plaintiff reportedly stated "his unequivocal understanding that he had not released his claims in the present action by way of his settlement with Defendants." Medby Dec. ¶ 10.

On November 17, 2011, the parties participated in a Scheduling Conference. At that time, the Court set a deadline of December 2, 2011, for the parties to file a motion to amend and a motion to dismiss.

On December 2, 2011, Lane Bryant filed their motion to enforce the settlement agreement. On that same date, Plaintiff filed the motion to amend the complaint to substitute Jayne Miles for Ernesto Garcia as the named plaintiff and class representative.

## DISCUSSION

I.      **Motion to Amend the Complaint**

A.      Proposed Amendment

By the instant motion, Plaintiff seeks to remove Ernesto Garcia as the class representative in this action and replace him with Jayne Miles. The proposed amendment does not add new claims and does not modify the class allegations, the class definition or the class period. In sum, the changes include replacing Mr. Garcia's name with Jayne Miles and adding allegations

1  regarding Ms. Miles' county of residence, her job position and her dates of employment.  The

2  amendment also deletes certain allegations relating to Mr. Garcia.  Medby Dec. ¶ 12 and Exhibit

3  A.

4       B.    Legal Standard

5       Federal Rule of Civil Procedure Rule 15(a) provides that the court should "freely give

6  leave [to amend] when justice so requires." The United States Supreme Court has stated:

7       [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or
       dilatory motive on the part of the movant, repeated failure to cure deficiencies by
8       amendments previously allowed, undue prejudice to the opposing party by virtue of
       allowance of the amendment, futility of amendment, etc. – the leave sought should, as the
9       rules require, be "freely given."

10  Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to

11  include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4)

12  futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.

13  1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.

14  Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy

15  favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is

16  futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

17       Defendant Lane Bryant incorrectly argues that resolution of the motion to amend is

18  governed by Federal Rule of Civil Procedure 16, which applies when a pretrial scheduling order

19  has issued and the deadline for amending the pleadings has passed.  Fed. R. Civ. P. 16(b)(4).

20  Lane Bryant asserts that the Court's order setting the mandatory scheduling conference required

21  the parties to submit any proposed amendment contemporaneously with the Scheduling

22  Conference Report, but Plaintiff failed to do so.  While this may be true, the Court has not issued

23  a pretrial scheduling order.  Furthermore, at the Scheduling Conference, the Court set a deadline

24  of December 2, 2011, for filing any motion to amend the complaint.  Plaintiff complied with that

25  order, filing the instant motion on December 2, 2011.

26       C.    Analysis

27       1.    Substitution of Named Plaintiff Prior to Class Certification

28  Plaintiff's sole basis for amendment is to substitute Jayne Miles for Ernesto Garcia as the

1   class representative in this case.  Plaintiff contends that this amendment is mandated by case law

2   and is not futile.  The Court disagrees.

3         To support the proposition that the amendment is mandated by case law, Plaintiff cites

4   Kagan v. Gib. Sav. & Loan Ass'n, 35 Cal.3d 582, 596 (1984).  In Kagan, the court stated:

5   "[S]hould the trial court conclude that plaintiff cannot suitably represent the class, it should

6   afford her 'the opportunity to amend [her] complaint, to redefine the class, or to add new

7   individual plaintiffs, or both, in order to establish a suitable representative."  Id. at 596.  What

8   Plaintiff omits is that the appellate court was expressing its view that amendment of the class

9   representative may be appropriate *following* a conclusion that the conditions for bringing a class

10  action had been met.  There has been no similar determination in this case.  Indeed, the Court has

11  not even had the occasion to consider whether this matter should proceed as a class action.

12        In this case, Plaintiff has voluntarily waived, released and settled all of his claims and

13  expressly agreed to dismiss this lawsuit prior to class certification.  As a result, there is no live

14  "case or controversy" to be decided within the meaning of Article III of the United States

15  Constitution and this Court lacks subject matter jurisdiction.  See, e.g., Kremens v. Bartley, 431

16  U.S. 119, 132-33, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977); Bd. of Sch. Comm'rs of City of

17  Indianapolis v. Jacobs, 420 U.S. 128, 129, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam);

18  Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir.2003); Skilstaf, Inc. v.

19  CVS Caremark Corp., 2010 WL 199717, *6 (N.D. Cal. Jan. 13, 2010); Sanchez v. WalMart

20  Stores, Inc., 2009 WL 2971553, *3 (E.D. Cal. Sept. 11, 2009); Barnes v. First American Title

21  Ins. Co., 473 F.Supp.2d 798, 800-02 (N.D. Ohio Feb. 7, 2007) (district court denied leave to

22  amend to allow substitution prior to class certification).  Where a named representative has

23  settled his or her individual claims prior to class certification and there is no longer a "case or

24  controversy," leave to amend would be improper.  See Velazquez v. GMAC Mortgage Corp.,

25  2009 WL 2959838, *3 (C.D. Cal. Sept. 10, 2009) (denying substitution of named plaintiffs

26  before class certification; noting that substitution is appropriate only after class certification

27  because the class then acquires legal status separate from that of the named plaintiffs); Smith v.

28  T-Mobile USA Inc., 570 F.3d 1119, 1123 (9th Cir. 2009) (case rendered moot when plaintiffs

6

voluntarily settled all of their claims after the district court denied Fair Labor Stands Act collective action certification); Stanford v. Home Depot U.S.A., Inc., 2008 WL 7348181, *6-7 (S.D. Cal. May 27, 2008) (putative class representative lacked standing at inception of action to bring claim; court dismissed action without prejudice without leave to amend and reasoned that if an individual claim becomes moot before class certification, the action may be dismissed for lack of subject matter jurisdiction); Hitt v. Arizona Beverage Co.. LLC, 2009 WL 4261192, *5 (S.D. Cal. Nov. 24, 2009) (court denied motion to amend where plaintiff no longer wished to prosecute class action and no class had been certified; court found that a "suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified.").

Plaintiff contends that at least one federal case provides that when a named plaintiff's claims become moot, intervention by absentee members is freely allowed in order to substitute them as class representatives.  Plaintiff cites Wade v. Kirkland, 118 F.3d 667, 670 (9th Cir. 1997), which is distinguishable from the instant matter.  In Wade, there was a class certification motion pending at the time the plaintiff's individual claims became moot and the appellate court remanded the action for a determination of whether the plaintiff continued to have a stake in obtaining class certification.  In this case, there is no pending motion for class certification and the plaintiff no longer desires any stake in this action.[1]

Plaintiff also attempts to argue that there are no cases cited that stand for the proposition that the mootness doctrine mandates dismissal where there is a suitable substitute class representative available to continue the action.  Plaintiff's argument is unsupported.  For example, Plaintiff claims that Stanford, *supra.*, is distinguishable because, unlike here, the plaintiff lacked standing at the inception of the action. Stanford, 2008 WL 7348181 at *6-7.  Plaintiff correctly notes the factual distinction in Stanford, but ignores the court's general finding

---

[1]Plaintiff also cites Sherman v. Griepentrog, 775 F.Supp. 1383, 1386 (D. Nev. 1991) (commenting on courts differing responses to mootness of class representative's claims prior to class certification).  However, Sherman is not binding authority and is not directly on point.  In Sherman, the class representative died prior to class certification and another class member moved to intervene.  The court allowed the intervention to permit the action to proceed efficiently, noting that the intervenor's claims shared the same issues of fact and law as the other class members.

1   that if an individual claim becomes moot before class certification, the action may be dismissed

2   for lack of subject matter jurisdiction.  Id.  Plaintiff also attempts to distinguish Velazquez by

3   arguing that leave to amend was denied due to prejudice and undue delay and those factors are

4   not present here.  Velazquez, 2009 WL 2959838 at *3.  However, the primary factor considered

5   by the Velazquez court in denying leave to amend was the determination that substitution is

6   appropriate only *after* class certification because the class acquires legal status separate from that

7   of the named plaintiffs.  Id.

8          In an effort to support amendment, Plaintiff avers that the court and class counsel have a

9   fiduciary duty to the putative class that mandates substitution of the representative.  While it may

10  be true that there is a duty to protect the interests of absent class members, there has been no

11  class certified in this case.  Plaintiff cites La Sala v. American Sav. & Loan Assn., 5 Cal.3d 864,

12  871, 97 Cal.Rptr. 849, 489 P.2d 1113 (1971) to suggest that the court must afford absent class

13  members the right to substitute a new named plaintiff before a class is certified.  However, La

14  Sala demonstrates that leave to substitute a different class representative should be granted when

15  there is a certified class and it is determined that the plaintiff does not suitably represent the

16  class.  Id.

17         Plaintiff also argues that if absent class members are not afforded the opportunity to

18  substitute the class representative they will suffer prejudice upon dismissal of the action because

19  the statute of limitations will have continued to run.  If Plaintiff's counsel had dismissed the

20  action and re-filed with a new plaintiff at the time of settlement, however, there would have been

21  a time difference of only approximately two months.  The case was initially filed on July 26,

22  2011, and counsel was informed of the settlement on September 27, 2011.  Any purported

23  prejudice would be due to counsel's delay.

24         Moreover, Plaintiff's argument presumes that if leave to amend was granted, then the

25  amended complaint would relate back to the original filing date.  Relation back is permitted

26  where the amendment asserts a claim that arose out of the conduct, transaction or occurrence set

27  out in the original pleading.  Fed. R. Civ. P. 15(c)(1)(B).  The claims of the proposed plaintiff,

28  Ms. Miles, do not arise out of the conduct or occurrence upon which Mr. Garcia, the original

plaintiff, based his claims.  Mr. Garcia was a full-time store manager in Merced.  He worked

under different management and was required to travel without reimbursement, work off-the-

clock as a Credit Captain, and work-off-the clock because defendants refused to pay overtime.  In

contrast, Ms. Miles worked part-time in Redondo Beach, she was not a manager, and she did not

have to travel or serve as a Credit Captain and she typically would not have worked enough hours

to qualify for overtime.  Declaration of Theresa Sullivan ¶¶ 4-6.  At a minimum, Plaintiff admits

that unlike Mr. Garcia, Ms. Miles does not have a claim for unpaid overtime.  Ms. Garcia also

would not be part of the manager unreimbursed expenses subclass, which is defined as "[a]ll

non-exempt or hourly paid store managers who worked for Defendants in California, within four

yours prior to the filing this complaint until the date of certification who incurred business

expenses as a result of working for Defendants."  Complaint ¶ 19.  In fact, there are a number of

claims and allegations in the original pleading, which are not altered by the proposed

amendment, that clearly do not apply to Ms. Miles.  Thus, relation back would be inappropriate.

## CONCLUSION AND ORDER

For the reasons discussed above, Plaintiff's motion for leave to file a first amended

complaint is DENIED.

IT IS SO ORDERED.

**Dated:   January 30, 2012**                              **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE